Defendant reprimanded October 6, 1954

In re Complaint as to the Conduct of
# OREN R. RICHARDS
274 P. 2d 797

*Oren R. Richards,* of Portland, in propria persona.

*Alan F. Davis,* of Portland, for Oregon State Bar.

## PER CURIAM.

Oren R. Richards, a member of the Oregon State Bar, is charged with entering into a contingent fee contract resulting in a fee to him so exorbitant and disproportionate to the services performed as to shock the conscience and merit disciplinary action.

A brief statement of the facts reveals that Richards made this contract with one Francis A. Raymond, a person then 84 years of age, of low-grade education and

whose work had been at various kinds of common labor. Under the agreement as drawn Richards was to receive one half the value of the statutory homestead then part of the modest estate of Raymond's lately deceased wife, and to which the elderly client was entitled as her widower. The homestead was appraised in the estate at $5,000. Based on that record, it is shown that Richards received the equivalent of $2,500 for giving attention to a relatively simple ex parte proceeding which was shortly concluded favorably to his client. Counsel's representation that a recent change in the homestead act has cast some doubt on his client's right to a homestead in excess of $3,000 we think was entirely without merit. There was no warrant in taking the business on a contingent basis, or on the basis of such a generous division to the attorney, in any event.

After the order of the probate court set the homestead aside to Mr. Raymond, he delivered to Mr. Richards his deed to an undivided one-half interest therein. Later, Mr. Raymond successfully sued in the circuit court for cancellation of the deed. The cancellation was conditioned that Richards receive $500 for his services. That sum was paid.

It appears to us that little work was involved considering the ease with which the result was obtained in the estate of the client's widow. No opposition was imminent and no legal problems of consequence were evident when Richards made his contingent fee agreement with his client. The conclusions of the court in the suit to cancel the deed, from which no appeal was taken, justify our holding that the sum of $500 was adequate compensation for the services rendered under the circumstances here present and that all above that amount was exorbitant.

We approve the following statement from *In re Goldstone,* 214 Cal 490, 6 P2d 513, 80 ALR 701, 706 (1931):

> "Although we are of the opinion that usually the fees charged for professional services may with propriety be left to the discretion and judgment of the attorney performing the services, we are of the opinion that if a fee is charged so exorbitant and wholly disproportionate to the services performed as to shock the conscience of those to whose attention it is called, such a case warrants disciplinary action by this court. * * *"

We adopt it as an appropriate rule to guide us in the instant matter.

The trial committee of the Oregon State Bar considerately took into account the fact that Mr. Richards is now over 70 years of age and has practiced law for approximately 44 years without any prior infraction known to that body and recommended a reprimand from this court. The Board of Governors approved. We concur in their judgment.

It is therefore the opinion of this court that Oren R. Richards be and he hereby is reprimanded for charging what we believe to be an unconscionable and exorbitant fee for his services in the matter hereinabove referred to and admonish him against a repetition of such conduct.